UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTINA POTTER-MARTINO,

    Plaintiff,

v.                                                    Case No.  8:26-cv-00508-WFJ-AEP

AMERICAN BANKERS
INSURANCE COMPANY OF FLORIDA,

    Defendant.

_____/

## ORDER

Before the Court is Defendant American Bankers Insurance Company of Florida's ("ABIC") Motion to Dismiss the Complaint. Dkt. 11. Plaintiff Kristina Potter-Martino has responded in opposition. Dkt. 14. Upon careful consideration, the Court grants Defendant's motion to dismiss with prejudice.

## BACKGROUND

This case concerns Defendant ABIC's partial denial of Plaintiff Potter-Martino's insurance claim following Hurricane Helene. Plaintiff owns the real property located at 3401 E. De Bazan Ave., St. Pete Beach, Florida 33706 (the "Property"). Dkt. 1-1 at 7.[1] ABIC insured the Property under a Standard Flood

---

[1] Dkt. 1-1 is a composite exhibit of every single document filed in the underlying state court action, including Plaintiff's Complaint. As such, all citations are to the PDF page numbers automatically generated by CM/ECF.

Insurance Policy ("SFIP" or the "Policy") bearing policy number 8705268703. *Id.* at 8, 12; Dkt. 1 ¶ 6. ABIC is a Write-Your-Own ("WYO") insurance carrier and issued the Policy pursuant to the National Flood Insurance Program ("NFIP"). Dkt. 1 ¶¶ 3, 5–6. The Federal Emergency Management Agency ("FEMA") administers the NFIP under the National Flood Insurance Act, 42 U.S.C. §4001 *et seq.* ("NFIA"). *Id.* ¶¶ 3–4. Under the Policy, ABIC and FEMA agreed to pay Plaintiff "for direct physical loss by or from flood to your insured property" under certain conditions, one of which is that Plaintiff must "[c]omply with all terms and conditions" of the Policy. Dkt. 1-1 at 15.

On or about September 26, 2024, the Property sustained damage from Hurricane Helene's flood waters (the "Loss"). *Id.* at 8, 41. Plaintiff made a claim for payment under the Policy for damages sustained due to the Loss, to which ABIC assigned claim number 8705268703. *Id.* at 8. On February 4, 2025, ABIC sent a partial denial letter to Plaintiff, offering a $10,092.48 payment under Coverage A of the Policy for building damage. *Id.* at 41. The partial denial letter also reminded Plaintiff that "if you wish to take further action concerning this denial, the Policyholder Rights document attached to this letter explains your options, several of which require prompt action." *Id.* at 43. The attached FEMA "Policyholder Rights" document advised Plaintiff of his rights, including a right to appeal the insurer's decision and "file suit in the Federal District Court where the damage

occurred within one year of when your insurer first denied all or part of your claim."
*Id.* at 45.

Plaintiff filed a state court Action against ABIC on January 20, 2026, bringing a single breach of contract claim. *See id.* at 7–11. On February 23, 2026, ABIC removed this action to federal court, asserting that federal question jurisdiction applies to a breach of an SFIP issued under the NFIA. Dkt. 1 at 2; *see* 42 U.S.C. § 4072. On March 25, 2026, ABIC filed the instant motion to dismiss, arguing Plaintiff's lawsuit was not filed within one year of ABIC's partial denial of her claim on February 4, 2025, and is therefore barred by the applicable statute of limitations. Dkt. 11 at 1.

## LEGAL STANDARD

A complaint withstands dismissal under Federal Rule of Civil Procedure 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* All facts are accepted as true and viewed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

At the dismissal stage, a court considers only the four corners of the complaint and the exhibits attached to the complaint in a motion to dismiss. *See Turner v.*

3

*Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023). However, "a document outside the four corners of the complaint may . . . be considered" as incorporated by reference if the document "is central to the plaintiff's claims and is undisputed in terms of authenticity," regardless of whether it is "mentioned in" or "attached to" the complaint. *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005); *see Johnson v. City of Atlanta*, 107 F.4th 1292, 1299–1300 (11th Cir. 2024).[2]

## DISCUSSION

Based on a careful review of the pleadings, the Court grants ABIC's motion to dismiss. As discussed below, Plaintiff's breach of contract claim is time-barred and must be dismissed.

In a flood-insurance dispute, a plaintiff must institute an action "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072. Specifically, Section 4072 provides:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make

---

[2] The Court will consider all the attached exhibits in the notice of removal and motion to dismiss. Dkt. 1-1; Dkt. 11-1. Plaintiff's Policy with ABIC and the partial denial letter squarely fall within the incorporation-by-reference doctrine. The incorporation-by-reference doctrine has two requirements: "the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson*, 107 F.4th at 1300. Here, the SFIP between ABIC and Plaintiff is undoubtedly central to Count One because Plaintiff is bringing a breach of (insurance) contract claim against ABIC. *See* Dkt 1-1 at 9. ABIC's partial denial letter is also referenced in the Complaint and intertwined with Plaintiff's breach of contract claim. *Id*. As for the authenticity of the exhibits, Plaintiff neither contests nor challenges their validity in her response to the motion to dismiss. *See* Dkt. 14. As such, the Court will consider Defendant's attached documents when resolving the instant motion to dismiss. *See Raulerson v. Am. Strategic Ins. Corp.*, No. 8:25-CV-00407-WFJ-AAS, 2025 WL 1133767, at *2 (M.D. Fla. Apr. 17, 2025) (considering denial letter attached to insurer's motion to dismiss in breach of SFIP claim); *Price v. Wright Nat'l Flood Ins. Co.*, No. 2:24-CV-914-SPC-KCD, 2025 WL 487627, at *1 (M.D. Fla. Feb. 13, 2025) (same); *4922 Mgmt. LLC v. Selective Ins. Co. of the Southeast*, No. 2:24-CV-894-SPC-NPM, 2025 WL 417701, at *1 (M.D. Fla. Feb. 6, 2025) (same).

4

payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or *upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated*, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072 (emphasis added); *see also* 44 C.F.R. § 62.22(a). A similar one-year limitation period appears in Part VII.O of the SFIP "Dwelling Form":

**If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.**

Dkt. 1-1 at 32 (emphasis in original).

Defendant issued its partial denial letter on February 4, 2025. Dkt. 1-1 at 41. Plaintiffs filed suit in state court on January 20, 2026, so her lawsuit is seemingly timely by 15 days. *Id.* at 7. However, ABIC notes that Plaintiff improperly filed suit in state court and that it "removed the lawsuit to this Court on February 23, 2026 – nearly three weeks after the deadline for Plaintiff to initiate the lawsuit in federal court." Dkt. 11 at 8. As such, ABIC argues the statute of limitations bars Plaintiff's untimely suit. For the reason discussed below, the Court agrees.

Lawsuits involving an SFIP must be commenced "within one year after the date of the written denial of all or part of the claim, and [the plaintiff] must file the suit in the United States District Court of the district in which the insured property was located at the time of loss." 44 C.F.R. Pt. 61, App. A(1), Art. VII(O); Dkt. 1-1 at 32; *see also* 42 U.S.C. § 4072; 44 C.F.R. § 62.22. A denial letter from the insurer is a proper disallowance that triggers the one-year limitation period. *See Raulerson v. Am. Strategic Ins. Corp.*, No. 8:25-CV-00407-WFJ-AAS, 2025 WL 1133767, at *2 (M.D. Fla. Apr. 17, 2025) (collecting cases in the Middle District of Florida).

Here, the math is simple and unforgiving. ABIC issued a partial denial letter for Plaintiff's claim on February 4, 2025. That letter explicitly warned Plaintiff that if she wished to file a lawsuit, she had to do so within one year in the United States District Court where the Property was located. This action finally appeared in federal court on February 23, 2026, following ABIC's removal from state court. That is approximately one year and 19 days after the denial—past the one-year jurisdictional deadline. Consequently, Plaintiff's breach of contract claim is time-barred under 42 U.S.C. § 4072.

Plaintiff resists this conclusion, contending that timely filing in state court means the statute of limitations has been tolled. Dkt. 14 at 5–6. Unfortunately for Plaintiff, the Eleventh Circuit in *Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1352–53 (11th Cir. 2000) has explicitly rejected this argument. In *Hairston*,

the Eleventh Circuit considered whether filing an NFIP action in state court tolls Section 4072's statute of limitations provision. 232 F.3d at 1352–53. The appellate court found that while other federal statutes might have concurrent jurisdiction that allows for tolling, Section 4072 gives exclusive jurisdiction to the federal courts. *Id.*; *see also* 42 U.S.C. § 4072 ("[O]riginal exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy."). Thus, the *Hairston* court held that "filing in a court without competent jurisdiction did not toll the statute of limitations." 232 F.3d at 1353.

Here, this action was not removed to federal court until February 23, 2026, approximately 19 days after the one-year statute of limitations ran. *See generally* Dkt. 1. Therefore, Plaintiff is time-barred from bringing this action. *See Hairston*, 232 F.3d at 1352–53; *see also Fisher v. First Cmty. Ins. Co.*, No. 2:25-CV-00005-JLB-NPM, 2025 WL 2636392, at *3 (M.D. Fla. Sept. 12, 2025) ("Even if Mr. Fisher's amended complaint related back to his initial state court complaint, it would not matter because filing in state court does not toll the one-year statute of limitations."); *Mazzula v. Am. Strategic Ins. Corp.*, No. 219CV215FTMSPCNPM, 2021 WL 252295, at *3 (M.D. Fla. Jan. 26, 2021) ("The state court lawsuit did not toll the one-year statute of limitations. . . . And this case was later removed on April 8, 2019, after the limitations period ran. Thus, the Mazzulas' lawsuit must be dismissed as untimely and for failure to comply with the SFIP."); *Roop v. Wright*

*Nat'l Flood Ins. Co.*, No. 2:24-CV-00176-JLB-NPM, 2025 WL 2636390, at *3 (M.D. Fla. Sept. 12, 2025) ("Filing in state court does not toll the one-year statute of limitations.").

## CONCLUSION

"The rules governing the National Flood Insurance Program are exacting, but they are known." *Agostino v. Monarch Nat'l Ins. Co.*, No. 2:24-CV-957-KCD-DNF, 2026 WL 668331, at *3 (M.D. Fla. Mar. 10, 2026). Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant ABIC's Motion to Dismiss, Dkt. 11, is **GRANTED**.

2. Plaintiff Potter-Martino's Complaint, Dkt. 1-1 at 7–11, is **DISMISSED with prejudice as time-barred.**

3. The Clerk is directed to **TERMINATE** all pending deadlines and motions and **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on April 13, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

8